IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY BELL,             No. CIV S-10-0850-CMK-P

          Plaintiff,

     vs.            ORDER

R. HILL, et al.,

          Defendants.

_____ /

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges employment discrimination and retaliation relating to his employment while incarcerated.  He claims defendant Etlin began discriminating and retaliating against him following an incident wherein Plaintiff informed defendant Etlin that his behavior, engaging in horseplay with a coworker, was unprofessional.

## II. DISCUSSION

Plaintiff's complaint suffers from a few defects.  First, Plaintiff fails to make any factual allegations against either defendant Hill or defendant Haythorne, other than noting that defendant Hill is the warden and defendant Haythorne is a supervisor.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  When a defendant holds a supervisory position, the causal

1  link between such defendant and the claimed constitutional violation must be specifically
2  alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d
3  438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of
4  supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents,
5  673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official
6  defendant, through the official's own individual actions, has violated the constitution." Iqbal,
7  129 S. Ct. at 1948.  Therefore, Plaintiff's complaint against defendants Hill and Haythorne is
8  insufficient.

9          Plaintiff's claims are general related to the treatment he has received from
10 defendant Etlin, following the confrontation.  Plaintiff claims defendant Etlin has retaliated
11 against him following that incident by transferring him to a different position under false
12 promises, and refusing to promote him to another paying position.

13         In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must
14 establish that he was retaliated against for exercising a constitutional right, and that the
15 retaliatory action was not related to a legitimate penological purpose, such as preserving
16 institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).
17 In meeting this standard, the prisoner must demonstrate a specific link between the alleged
18 retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th
19 Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner
20 must also show that the exercise of First Amendment rights was chilled, though not necessarily
21 silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir.
22 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner
23 plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials
24 took adverse action against the inmate; (2) the adverse action was taken because the inmate
25 engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment
26 rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes,

408 F.3d at 568.

Here, Plaintiff fails to allege that he was engaged in any protected conduct for which the alleged retaliation occurred. He states the alleged retaliation began following his verbal confrontation with defendant Etlin. However, it is not apparent from the facts alleged that Plaintiff filed any kind of inmate grievance or actual complaint regarding defendant Etlin's behavior. Rather, it appears Plaintiff simply told defendant Etlin he thought his behavior was inappropriate.

Plaintiff also states he is bringing this case under Title VII, 42 U.S.C. § 2000e *et seq.*, for discrimination.[1] Title VII protects employees from unlawful employment practices based on the employee's race, color, religion, sex or national origin. Here, there is no allegation that the retaliation Plaintiff claims was based on his membership in any of these protected groups. Instead, as set forth above, he claims the alleged retaliation was based on his confronting defendant Etlin regarding his unprofessional behavior.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

---

[1] It is unclear whether Plaintiff would qualify as an "employee" for purposes of Title VII regardless of his other pleading defects. See Moyo v. Gomez, 40 F.3d 982 (9th Cir. 1994).

4

plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: October 20, 2010

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE