IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY BELL,   No. CIV S-10-0850-CMK-P

   Plaintiff,

  vs.   ORDER

R. HILL, et al.,

   Defendants.

          /

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's amended complaint (Doc. 11).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

1

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff's original complaint was dismissed, with leave to file an amended complaint, for failure to state a claim.  Plaintiff alleges, in his amended complaint as he had in his original complaint, that he has suffered from retaliation and employment discrimination.  Plaintiff argues that defendant Etlin[1] retaliated against him, following plaintiff's admonishment of defendant Etlin's behavior with a fellow employee.  He avers that after he admonished defendant, defendant transferred him to a new employment position.  He claims his admonishment was protected free speech.   In addition, because he was transferred to a non-paid position, he is claiming discrimination.

/ / /

/ / /

/ / /

/ / /

---

[1]  Plaintiff's original complaint named two other individuals as defendants to this action.  As the undersigned pointed out in the original screening order, the complaint offered no factual allegations as to any wrongdoing of those other two defendants.  The amended complaint no longer names those two other individuals, and the Clerk of the Court will be directed to update the docket to indicate the only named defendant is defendant Etlin.

## II.  DISCUSSION

In the prior screening order, the undersigned set forth some pleading requirements for the claims plaintiff was attempting to bring.  As set forth therein:

> In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.
>
> Here, Plaintiff fails to allege that he was engaged in any protected conduct for which the alleged retaliation occurred.  He states the alleged retaliation began following his verbal confrontation with defendant Etlin.  However, it is not apparent from the facts alleged that Plaintiff filed any kind of inmate grievance or actual complaint regarding defendant Etlin's behavior.  Rather, it appears Plaintiff simply told defendant Etlin he thought his behavior was inappropriate.
>
> Plaintiff also states he is bringing this case under Title VII, 42 U.S.C. § 2000e *et seq.*, for discrimination.  Title VII protects employees from unlawful employment practices based on the employee's race, color, religion, sex or national origin.  Here, there is no allegation that the retaliation Plaintiff claims was based on his membership in any of these protected groups.  Instead, as set forth above, he claims the alleged retaliation was based on his confronting defendant Etlin regarding his unprofessional behavior.

(Order, Doc. 10).

Plaintiff has filed an amended complaint as directed.  However, his amended complaint fails to cure the defects in his claims as previously outlined.  He states that his retaliation claim is based on his First Amendment right to exercise free speech.  The alleged

3

protected "free speech" was his admonishment of defendant Etlin's behavior. However, this is not the type of "free speech" the First Amendment's protection applies. Plaintiff's claim of retaliation requires a position that prisoners retains all First Amendment rights, unabated, while incarcerated. However, that position is not supported by United State Supreme Court precedent. Instead, the Supreme Court has continuously held "a prison inmate [only] retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). Indeed, the Supreme Court has long recognized that "(l)awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948). As such, informally admonishing the behavior of a correctional officer is not the type of free speech that would be consistent with the protected behavior of an inmate. If plaintiff reasonably believed his safety was at issue due to defendant's conduct, or he had other concerns, he could have filed an inmate grievance. Instead, plaintiff chose to admonish a correctional officer informally, which the court cannot find as protected free speech supporting a claim of retaliation. The court cannot therefore find plaintiff's amended complaint states a claim for retaliation.

Similarly, as the court previously pointed out, plaintiff could only state a claim for employment discrimination if he belongs to a protected class. There is nothing in plaintiff's amended complaint indicating he belongs to any protected class to support his Title VII claim. As he fails to cure this defect, he cannot state a claim for employment discrimination.

### III.  CONCLUSION

Because it appears that plaintiff is either unable or unwilling to cure the deficiencies identified herein, plaintiff is not entitled further to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and

1  orders.  See Local Rule 110.

2         Accordingly, IT IS HEREBY ORDERED that:

3         1.   Plaintiff shall show cause in writing, within 30 days of the date of this

4  order, why this action should not be dismissed for failure to state a claim; and

5         2.   The Clerk of the Court is directed to update the docket to indicate the only

6  defendant named in the amended complaint is defendant Etlin; all other defendants on the docket

7  shall be terminated.

9   DATED:  October 5, 2011

11                                    _____
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE