IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BELL, | No. CIV S-10-0850-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| R. HILL, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  The court issued an order to show cause on October 5, 2011, requiring plaintiff to show cause why this action should not be dismissed for failure to state a claim.   Plaintiff has not responded within the time provided.

In its prior order, the court found plaintiff's amended complaint was insufficient to state a claim.  After providing plaintiff information on what was necessary to state a claim for retaliation, the court allowed an opportunity to file an amended complaint to cure the deficiencies in his claim.  Plaintiff's amended complaint failed to do so, but the court allowed plaintiff an opportunity to show cause why the complaint should not be dismissed for failure to state a claim.

1

1  He has not responded.

2      As stated in the court's prior order:

> Plaintiff alleges, in his amended complaint as he had in his original complaint, that he has suffered from retaliation and employment discrimination. Plaintiff argues that defendant Etlin retaliated against him, following plaintiff's admonishment of defendant Etlin's behavior with a fellow employee. He avers that after he admonished defendant, defendant transferred him to a new employment position. He claims his admonishment was protected free speech. In addition, because he was transferred to a non-paid position, he is claiming discrimination.

After setting forth the standards as to what is required to state a claim for retaliation, the court found plaintiff's:

> amended complaint fails to cure the defects in his claims as previously outlined. He states that his retaliation claim is based on his First Amendment right to exercise free speech. The alleged protected "free speech" was his admonishment of defendant Etlin's behavior. However, this is not the type of "free speech" the First Amendment's protection applies. Plaintiff's claim of retaliation requires a position that prisoners retains all First Amendment rights, unabated, while incarcerated. However, that position is not supported by United State Supreme Court precedent. Instead, the Supreme Court has continuously held "a prison inmate [only] retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). Indeed, the Supreme Court has long recognized that "(l)awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948). As such, informally admonishing the behavior of a correctional officer is not the type of free speech that would be consistent with the protected behavior of an inmate. If plaintiff reasonably believed his safety was at issue due to defendant's conduct, or he had other concerns, he could have filed an inmate grievance. Instead, plaintiff chose to admonish a correctional officer informally, which the court cannot find as protected free speech supporting a claim of retaliation. The court cannot therefore find plaintiff's amended complaint states a claim for retaliation.
>     Similarly, as the court previously pointed out, plaintiff could only state a claim for employment discrimination if he belongs to a protected class. There is nothing in plaintiff's amended complaint indicating he belongs to any protected class to support his Title VII claim. As he fails to cure this defect, he cannot state a claim for employment discrimination.

1 | Plaintiff was warned that failure to respond to the order to show cause may result in the dismissal of this action for the reasons outlined as well as for failure to prosecute and comply with court rules and orders.  <u>See</u> Local Rule 110.  Plaintiff failed to responded to the court's order as directed.  The undersigned finds it appropriate to dismiss this action for plaintiff's failure to comply to court order, and failure to state a claim upon which relief can be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed; and
2. The Clerk of the Court is directed to enter judgment and close this case.

DATED: November 15, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE